UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID M. KITT,

    Plaintiff,

v.                                      Case No.:  2:25-cv-00780-SPC-DNF

OFFICER LEON *et al.*,

    Defendants,
_____/

## OPINION AND ORDER

Before the Court is Plaintiff David M. Kitt's Request for Preliminary Injunction (Doc. 11).  Kitt is a prisoner of the Florida Department of Corrections (FDOC), and he sues five FDOC officials over an incident that occurred while imprisoned at Charlotte Correctional Institution.

The incident began when officer Leon required Kitt to expose his rectum during a strip search.  Kitt claims he attempted to report the incident as a violation of the Prison Rape Elimination Act (PREA), but the defendants blocked the report and refused Kitt's requests for protection from Leon.  Kitt alleges that a few months later, Leon and other officers retaliated against him by falsifying a disciplinary report.  Kitt attempted suicide twice and was transferred to Dade Correctional Institution for participation in a mental health program.  Kitt anticipates he will be returned to Charlotte C.I. when

the program ends. He asks the Court to enter a preliminary injunction enjoining the FDOC from transferring him back to Charlotte C.I.

A preliminary injunction is an extraordinary and drastic remedy that a court may only grant if the movant clearly establishes four requirements: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury, (3) the threatened injury to the plaintiff outweighs the potential harm to the defendants, and (4) the injunction will not disserve the public interest. *Keister v. Bell*, 879 F.3d 1282, 1287 (11th Cir. 2018).

Kitt has not established the first two requirements. Both failures are independently fatal to Kitt's motion. *See Wood v. Fla. Dep't of Educ.*, 142 F.4th 1286, 1289 (11th Cir. 2025) ("If the movant is unable to establish a likelihood of success on the merits, a court need not consider the remaining conditions prerequisite to injunctive relief."); *see also Siegel v. LaPore*, 234 F.3d 1163, 1176 (11th Cir. 2000) ("the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

Kitt's complaint survived preliminary review under 28 U.S.C. § 1915 because Kitt states *plausible* claims. But establishing a substantial likelihood of success is more onerous, and Kitt has not shown his claims will *likely* or *probably* succeed. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005). First, Kitt has not shown the initial incident was unlawful. Strip searches of prisoners, including body cavity inspections, are legal if they

are conducted in a reasonable and non-abusing manner. *Moton v. Walker*, 545 F. App'x 856, 858-59 (11th Cir. 2013).

The merit of Kitt's claims of retaliation is also unclear. The primary basis of the claim is Kitt's placement in confinement for possession of a contraband cell phone. Kitt alleges Leon and another officer framed him, but depending on facts not yet before the Court, Eleventh Circuit precedent could be fatal to the retaliation claim. "If a prisoner is found guilty of an actual disciplinary infraction after being afforded due process *and* there was evidence to support the disciplinary panel's fact finding, the prisoner cannot later state a retaliation claim against the prison employee who reported the infraction in a disciplinary report." *O'Bryant v. Finch*, 637 F.3d 1207, 1215 (11th Cir. 2011).

Kitt also claims the defendants did not provide proper treatment after his suicide attempts. But the complaint states he was taken to a hospital after the first attempt. And when he returned to prison, Kitt was placed in a confinement cell where he was observed by officers every 30 minutes and by a nurse every two hours. The alleged response to Kitt's subsequent suicide attempt is more troubling—Kitt claims he was left bleeding in a shower for an hour—but the complaint is light on important details about this incident. The only defendant mentioned is Dr. Michael McClurer. Kitt faults McClurer for refusing to put him on suicide watch, but he does not state what McClurer knew or when he knew it. To hold McClurer liable, Kitt must show he "was

actually, subjectively aware that his own conduct caused a substantial risk to inmate health or safety." *Wade v. McDade*, F.4th 1251, 1262 (11th Cir. 2024). Kitt has not shown a substantial likelihood he can meet that standard. In fact, Kitt's current participation in a mental health program belies his claim that Charlotte C.I. officials ignored his mental health needs.

Kitt also fails to establish the second requirement for a preliminary injunction—a substantial threat of irreparable harm. To satisfy the requirement, "the asserted irreparable harm must be neither remote nor speculative, but actual and imminent." *Siegel*, 234 F.3d at 1176 (internal quotation marks and citation omitted). Kitt has not established or even alleged facts showing he would likely suffer actual and imminent harm if he is transferred back to Charlotte C.I. His allegations of past harm are not enough. *Hoop Culture, Inc. v. GAP, Inc.*, 648 F. App'x 981, 986 (11th Cir. 2016) ("past harm is not a basis for preliminary injunctive relief, which requires a showing of likely future injury if an injunction does not issue").

Kitt is not entitled to a preliminary injunction. Accordingly, his motion (Doc. 11) is **denied**.

**DONE AND ORDERED** in Fort Myers, Florida on October 8, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1