UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID M. KITT,

     Plaintiff,

v.                                               Case No.:  2:25-cv-780-SPC-KRH

OFFICER LEON, *et al.*,

     Defendants.
_____/

## **OPINION AND ORDER**

Before the Court is *pro se* Plaintiff David M. Kitt's Request for Preliminary Injunction (Doc. 44).  Kitt is a prisoner of the Florida Department of Corrections (FDOC).  He claims that during his incarceration at Charlotte Correctional Institution (Charlotte CI), prison officials subjected him to an unlawful strip search and retaliated against him when he complained about it. (Doc. 1 at 4-8).  Kitt now resides at Dade Correctional Institution, but he alleges that the FDOC "keeps trying to send him back to Charlotte CI."  (Doc. 44 at 2).  The "looming threat of transfer" has allegedly prompted Kitt to attempt suicide three times in the past five months.[1]  (*Id.* at 1-3).

---

[1] Kitt's Motion makes clear that he received medical and mental health treatment after his suicide attempts.  (*See, e.g.*, Doc. 44 at 3 (noting that "Kitt was placed into the mental health unit" after his second suicide attempt)).

Kitt appears to seek a preliminary injunction preventing his transfer to Charlotte CI. (*Id.* at 1, 3-4). Kitt claims that if he is transferred, the prison officials who retaliated against him in the past "will retaliate" against him again. (*Id.* at 3). Last fall, Kitt made a similar request for injunctive relief, asking the Court to stop his transfer to Charlotte CI because he faced retaliation from prison officials there. (Doc. 11 at 3). The Court denied the request because Kitt failed to establish either "a substantial likelihood of success on the merits" or "a substantial threat of irreparable injury." (Doc. 14 at 2).

The same considerations require the denial of Kitt's renewed request for injunctive relief. As the Court explained when it ruled on Defendants' Motions to Dismiss, Kitt states plausible claims based on the allegedly unlawful strip search and the retaliation he allegedly experienced afterwards. (Doc. 41 at 23). But to receive a preliminary injunction, Kitt must show "a substantial likelihood of success on the merits." *Gonzalez v. Governor of Ga.*, 978 F.3d 1266, 1271 (11th Cir. 2020). This standard is "substantially more onerous" than the one that applies at the motion-to-dismiss stage, and Kitt "has not shown his claims will likely or probably succeed." (Doc. 14 at 2 (emphasis omitted)). Indeed, Kitt presents no "proof or objective evidence that the specific actions by Defendants about which [he] complains violated his constitutional rights." *Thomas v. Burnside*, No. 5:13-cv-108 MTT, 2014 WL 1681450, at *2

(M.D. Ga. Mar. 25, 2014), *adopted by* 2014 WL 1681503 (M.D. Ga. Apr. 28, 2014). Therefore, Kitt has not met his "burden of persuasion" as to the merits of his claims. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).

Nor has Kitt shown that he faces a substantial threat of irreparable harm if he returns to Charlotte CI. To make this showing, Kitt must establish that "the asserted irreparable harm [is] neither remote nor speculative, but actual and imminent." *Siegel v. LaPore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal quotation marks and citation omitted). Kitt has not established or even alleged facts showing he would likely suffer actual and imminent harm if he is transferred back to Charlotte CI. He claims that Charlotte CI staff retaliated against him in the past, but allegations of past harm are not enough. *See Hoop Culture, Inc. v. GAP, Inc.*, 648 F. App'x 981, 986 (11th Cir. 2016) ("[P]ast harm is not a basis for preliminary injunctive relief, which requires a showing of likely future injury if an injunction does not issue[.]").

Accordingly, Kitt's Request for Preliminary Injunction (Doc. 44) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on June 29, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: TpaP-2
Copies: All Parties of Record

3